UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL GRAY,<br><br>        Petitioner,<br><br>    v.<br><br>WARDEN RICK HILL,[1]<br><br>        Respondent. | No. 2:14-cv-1047-JAM-EFB P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss Claims 5(J) through 5(Q) and Claim 6 of the petition as unexhausted. Respondent further argues that some of the claims are not cognizable in this federal habeas proceeding. ECF No. 15. Respondent also argues that Claim 8 is time-barred. *Id.*[2] In his opposition to respondent's motion, petitioner argues that Claims 5(J) through 5(Q) and Claim 6 are exhausted, but nevertheless requests that the court stay the

---

[1] Petitioner named "The People of the State of California" as respondent. ECF No. 1. The court substitutes the correct respondent, the Warden of Folsom State Prison, where petitioner is presently incarcerated. *See Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing Section 2254 Cases) ("A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition"); *see also Smith v. Idaho*, 392 F.3d 350, 355-56 (9th Cir. 2004).

[2] Petitioner concedes that Claim 8 is time-barred and must be dismissed. ECF No. 17 at 13.

1

1  proceedings and allow him to "exhaust all claims." ECF No. 17 at 5-7.[3]  In reply, respondent
2  argues that a stay is not appropriate and that the court should dismiss the petition unless petitioner
3  amends it and omits the non-cognizable, unexhausted, and untimely claims. ECF No. 18.[4]
4        For the reasons that follow, Claims 5(K), 5(L), and 5(P) are not cognizable. Further,
5  Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6 are unexhausted, and Claim 8 is time-barred.
6  Therefore, respondent's motion to dismiss the petition should be granted, but with leave to
7  amend.

8  **I.  PROCEDURAL BACKGROUND**

9        On June 19, 2007, a jury convicted petitioner of second degree murder. Lodg. Doc. 1.[5]
10  The jury also found that petitioner committed the offense with a deadly weapon and that he had
11  prior serious convictions within the meaning of California's Three Strikes Law. *Id.*  Before
12  sentencing, petitioner filed two notices of appeal in the California Court of Appeal for the Third
13  Appellate District ("Court of Appeal"). *See* Lodg. Doc. 2 at 2. The Court of Appeal dismissed
14  both "as purported appeals from a nonappealable order" because "a judgment against defendant
15  had still not been imposed." *Id.*  On July 16, 2007, a Sacramento County Superior Court judge
16  sentenced petitioner to an indeterminate term of fifty-one years to life. Lodg. Doc. 1.
17        On August 28, 2007, petitioner filed his first federal habeas petition. *See Gray v. People*
18  *of the State of California*, Case No. 2:07-cv-01760-GEB-CKD, ECF No. 1. On March 3, 2008,
19  the court dismissed that petition because petitioner had failed to exhaust state court remedies. *See*
20  Case No. 2:07-cv-01760-GEB-CKD, ECF No. 13.

---

[3] For ease of reference, all citations to court documents are to the pagination assigned via the court's electronic filing system.

[4] Petitioner subsequently filed a "Request to File Addendum" and a "Reply to Respondent's Reply to Opposition to Motion to Dismiss." ECF No. 19. Because neither the Federal Rules of Civil Procedure nor the court's Local Rules authorize such a filing, *see* E.D. Cal. L. R. 230(*l*), the undersigned recommends that petitioner's motion be denied. Additionally, on February 18, 2015, respondent filed a motion to strike his surreply. Given that the court recommends that petitioner's request for leave to file a surreply be denied, respondent's motion is rendered moot.

[5] Respondent lodged twenty-one documents ("Lodg. Docs.") with the court. *See* ECF No. 16.

On April 22, 2008, petitioner filed his first state habeas petition in the California Supreme Court. Lodg. Doc. 5. Although his petition requested that the California Supreme Court consider all of the claims that he raised in his first federal petition, he did not attach a complete copy of his federal habeas petition. *Id.* As respondent notes, petitioner "merely attached the first two form pages, thereby omitting the 'Index' page, as well as all argument and analysis" from the federal petition. ECF No. 15 at 7 (citing Lodg. Doc. 5 at Ex. A and Ex. 5).

On January 21, 2009, the California Supreme Court ordered the Director of the Department of Corrections

> to show cause before the Third District Court of Appeal, when the matter is placed on calendar, why the remittitur in case number C056083 should not be recalled, why the trial court did not err by refusing to accept for filing petitioner's notice of appeal at sentencing, and why petitioner should not therefore be allowed to file a belated notice of appeal in the superior court.

Lodg. Doc. 6.

On June 12, 2009, petitioner filed a petition for a writ of mandate in the California Supreme Court; that petition challenged the appointment of counsel to represent him in the appellate proceedings. Lodg. Doc. 7. The California Supreme Court denied the petition on July 15, 2009. Lodg. Doc. 8.

On December 2, 2009, the Court of Appeal granted petitioner the opportunity to file a notice of appeal from his 2007 conviction. Lodg. Doc. 2. The Court of Appeal also noted that "the superior court must treat the notice of appeal as a timely appeal from that judgment." *Id.*

On June 7, 2010, while the appellate proceedings were still ongoing, petitioner filed his second habeas petition in the California Supreme Court. Lodg. Doc. 9. Petitioner raised eight claims challenging convictions from 1998. *Id.* On July 14, 2010, the California Supreme Court denied review of the petition. Lodg. Doc. 10.

On September 13, 2010, petitioner filed his second federal habeas petition. *Gray v. Swarthout*, Case No. 2:10-cv-2463-JAM-EFB, ECF No. 1. That petition challenged both his 1998 convictions and the sentence imposed for his 2007 conviction. *Id.* On November 21, 2011,

the court ruled that petitioner's challenges to his 1998 convictions were time-barred and dismissed those claims with prejudice. Case No. 2:10-cv-2463-JAM-EFB, ECF Nos. 22, 26. The court also ruled that petitioner's challenges to his 2007 convictions were premature because his state appeal was pending. *Id.*

On February 8, 2013, the court of appeal issued an unpublished opinion that affirmed petitioner's 2007 judgment and sentence. Lodg. Doc. 17. Petitioner filed a petition for review in the California Supreme Court on March 21, 2013. Lodg. Doc. 20. The California Supreme Court denied that petition on May 22, 2013. Lodg. Doc. 21.

On April 28, 2014, petitioner filed the pending habeas petition. ECF No. 1.

## II. EXHAUSTION REQUIREMENT

A state prisoner must exhaust available state court remedies before a federal habeas court will consider his claim. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("Our interpretation of §[] 2254(b)[] provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court."). This "exhaustion requirement" is met "once the federal claim has been fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275 (1971). The petitioner bears the burden of showing that he has exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1004 (9th Cir. 1981) (per curiam).

## III. ANALYSIS

Respondent concedes that petitioner has exhausted Claims 1 through 5(I) and Claim 7. ECF No. 15 at 14 (citing Lodg. Doc. 20). However, respondent contends that petitioner has not exhausted Claims 5(J) through 5(Q) or Claim 6, and that some of those claims are simply not cognizable in this habeas proceeding. ECF No. 15 at 6.

### A. Exhaustion and Cognizability

#### 1. **Claim 5(J)**

During deliberations, the jury submitted a question to the court: "how [does] the law view[] the actions of a person who is mentally ill—as it pertains to this case[?]" Lodg. Doc. 17 at 41. The court drafted a response that stated: "The issue of the law on mental illness (sanity) is

not before you." *Id.* at 42.  Before submitting the response to the jury, the trial court judge asked petitioner if he had a chance to review this response and if it was acceptable; he responded "Yes, your Honor" to both questions.  *Id.*  The Court of Appeal found that petitioner forfeited "the issue of the propriety of the instruction . . . because [he] expressly agreed that the court's proposed response was 'acceptable.'"  *Id.*  On review, the Court of Appeal explained the "doctrine of invited error," and held it applicable because there were tactical reasons for petitioner's acquiescence to the special instruction.  *Id.* (citing *People v. Davis*, 36 Cal. 4th 510, 539 (2005)).

Claim 5(J) asserts that, contrary to the Court of Appeal's ruling, petitioner "had no deliberate tactical purpose[] when he stated 'Yes Your Honor' to the jury instruction regarding his mental illness and sanity."  ECF No. 1 at 26.  Respondent argues that this claim is unexhausted because petitioner did not present it to the California Supreme Court.  ECF No. 15 at 14.  Petitioner counters that Claim 5(J) must be read in conjunction with Claim 5(G)—a claim which respondent concedes is exhausted.  ECF No. 17 at 8.[6]  Petitioner also argues that the exhaustion requirement does not require him to present to the state courts "'*every piece of evidence* supporting his federal claims . . . .'"  ECF No. 17 at 7 (quoting *Chacon v. Wood*, 36 F.3d 1459, 1469 n.9 (9th Cir. 1994)).

In arguing that Claim 5(J) must be read in conjunction with Claim 5(G), petitioner implicitly concedes he has not presented Claim 5(J) to the California Supreme Court.[7]  Further, petitioner cites no authority for his suggestion that an otherwise unexhausted claim becomes exhausted simply by reading that it in conjunction with an exhausted claim.  Petitioner's reliance on *Chacon* fails to appreciate that while he may provide additional facts to support a claim, those facts "must be based on the record that was before the state court that adjudicated the claim on the merits" and must not "fundamentally alter the legal claim already considered by the state courts."  *Poyson v. Ryan* 743 F.3d 1185, 1202 (9th Cir. 2013) (internal quotation marks omitted) (citing

---

[6] Claim 5(G) states:  "Erroneous mental illness instruction given in response to jury inquiry."  ECF No. 1 at 8, 98.

[7] There would be no need to read Claim 5(J) in conjunction with Claim 5(G) if the former were exhausted.

*Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986); *Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007)).  Claim 5(G) does not merely provide additional facts to Claim 5(J); rather, it is an entirely new claim based on the Court of Appeal's unpublished opinion.

Petitioner has not established that he presented Claim 5(J) to the state courts.  The claim is therefore unexhausted.

### 2. Claim 5(K)

In Claim 5(K) petitioner argues that "a judge's pretrial statement, order/ruling is not automatically incorporated for trial purpose without an order/ruling, stipulation or statute that governs it to be."  ECF No. 1 at 32.  Respondent contends that Claim 5(K) is not exhausted and that the claim is not cognizable in this federal habeas proceeding because it focuses upon state law.  ECF No. 15 at 14.  In his opposition to respondent's motion to dismiss, petitioner argues that the claim is exhausted and that it should be read in conjunction with Claim 3.  ECF No. 17 at 7, 8.[8]

The federal writ is not available for alleged error in the application of state law, and habeas corpus cannot be utilized in federal court to try state issues de novo.  Rather, petitioner must show that the decision of the state courts somehow "violated the Constitution, laws, or treaties of the United States."  *Estelle*, 502 U.S. at 68; *see also Waddington v. Sarausad*, 555 U.S. 179, 192 n.5 (2009) ("[W]e have repeatedly held that 'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"); *Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) and *Estelle*, 502 U.S. at 67, 72-73); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in federal habeas"); *Little v. Crawford*, 449 F.3d 1075, 1083 (9th Cir. 2006) (quoting *Estelle*, 502 U.S. at 68).  A habeas petitioner may not "transform a state-law issue into a federal

---

[8] Claim 3 states:  "When a defendant's testimony is impeached with prior felony convictions, does the defendant have the right to rehabilitate his credibility with evidence that he was not guilty of the underlying offense, and was thus not guilty of conduct involving moral turpitude?"  ECF No. 1 at 8, 97.

6

one" merely by asserting a violation of the federal constitution. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).

Claim 5(K) is simply an allegation of error in the application of state law. *See* ECF No. 1 at 35 ("*Under [C]alifornia law* any pre-trial rulings/orders must be stipulated, ordered and/or govern by a statute to be incorporated for trial purpose.") (emphasis added). Claim 5(K) is therefore not cognizable in this federal habeas proceeding.

### 3. Claim 5(L)

The Court of Appeal found that petitioner failed to timely object to five incidents that he alleged on appeal amounted to judicial misconduct. *See* Lodg. Doc. 17 (citing *People v. Abel*, 53 Cal. 4th 891, 914 (2012)). In Claim 5(L) petitioner "contends that the [C]ourt [of Appeals] erred by claiming defendant forfeited his contention by failing to timely object, in regards to judicial misconduct." ECF No. 1 at 36. Respondent argues that petitioner's claim is not exhausted and that the claim is not cognizable in this federal habeas proceeding because it is an allegation of misapplication of state law. ECF No. 15 at 15. In opposition, petitioner repeats the argument that the claim should be read in conjunction with Claim 5(C). ECF No. 17 at 8.[9]

Like Claim 5(K), Claim 5(L) is simply an allegation of error in the Court of Appeal's application of state law. Claim 5(L) is therefore not cognizable in this federal habeas proceeding.

### 4. Claim 5(M)

In Claim 5(M) petitioner "contends the trial court had a sua sponte duty to instruct on all theories of voluntary manslaughter even if [petitioner] objected to it." ECF No. 11 at 38. Claim 5(M) also alleges that "[i]t was judicial misconduct to deny [his] request for jury instruction CALJIC No. 356—Miranda Defective Statement." *Id.* at 40.

Respondent argues that Claim 5(M) is not exhausted. ECF No. 15 at 15. Respondent notes that while petitioner raised "these instructional issues as independent claims before the California Court of Appeal," and that the Court of Appeal rejected them, *id.* (citing Lodg. Docs. 14, 17), his petition for review in the California Supreme Court did not challenge the omitted

---

[9] Claim 5(C) asserts that "[t]he cumulative effect of judicial misconduct denied appellant a fair trial." ECF No. 1 at 8, 98.

7

manslaughter instruction. Additionally, respondent notes that the petition to the state supreme court "framed the omitted *Miranda* instruction as a Fifth Amendment violation, not judicial misconduct." *Id.* (citing Lodg. Doc. 20 at 27). Furthermore, respondent notes that

> the only judicial misconduct allegation Petitioner fairly presented in his petition for review to the California Supreme Court concerned [1] the cumulative effect of the trial court's comments about Petitioner's misdemeanor conviction as impeachment evidence, [2] the trial court's denial of Petitioner's characterization about the supposed unfairness of the trial proceedings, and [3] the trial court's prohibition against speaking objections.

*Id.* (citing Lodg. Doc. 20 at 23).

Unlike the other claims that respondent argues are unexhausted, petitioner does not suggest Claim 5(M) must be read in conjunction with a claim that is exhausted. Instead, petitioner argues he was without trial transcripts until February 7, 2014 "and therefore [] was unable to give the review court specific citings." ECF No. 17 at 9. Although that argument may be relevant to whether to whether petitioner had good cause for failing to exhaust a claim for purposes of stay, it implicitly concedes that the claim is unexhausted. Here it is clear that Claim 5(M) is unexhausted.

### 5. **Claim 5(N)**

In Claim 5(N) petitioner "contends the court's factual background theory is unreasonable and is at odds with the evidence presented at trial." ECF No. 11 at 43. Petitioner identifies several portions of the Court of Appeal's opinion that he argues are inaccurate. *Id.* at 43-46. Respondent contends that Claim 5(N) is neither exhausted nor cognizable in this federal habeas proceeding. ECF No. 15 at 16. Petitioner again counters with his argument that the claim must be read in conjunction with Claims 5(A) and 5(B). ECF No. 17 at 9.[10]

---

[10] In Claim 5(A) petitioner argues that "[t]he court improperly impugned [petitioner's] credibility by admonishing the jury that he had been 'impeached' by prior conduct involving moral turpitude." ECF No. 11 at 8, 97-98. Claim 5(B) asserts: "It was prejudicial error for the court to impugn [petitioner's] credibility by repeatedly declaring in the presence of the jury that appellant was intentionally trying to mislead the jury with statements and testimony he knew to be false." *Id.* at 8, 98.

8

In arguing that Claim 5(N) is not cognizable, respondent overlooks § 2254(d)(2):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Thus, contrary to respondent's argument, petitioner's claim challenging the accuracy of the Court of Appeal's factual summary is cognizable. Nevertheless, petitioner has failed to establish that he fairly presented his claim to the state courts; reading Claim 5(N) in conjunction with Claims 5(A) and 5(B) does not exhaust the former. Claim 5(N) is therefore unexhausted.

### 6. Claim 5(O)

In Claim 5(O) petitioner "contends that the court erred in stating that there was sufficient evidence of mutual combat to support giving CALCRIM No. 3471." ECF No. 1 at 49. Petitioner's argument appears to be a challenge to the Court of Appeal's ruling that the evidence warranted an instruction on mutual combat. *See id.* (quoting the Court of Appeal's opinion in the subsequent paragraphs). Respondent argues that although petitioner did fairly present "multiple challenges to the mutual combat instruction concerning its supposedly technical meaning and impact upon the burden of proof, [p]etitioner never challenged whether sufficient evidence in his case warranted it." ECF No. 15 at 16. In response, petitioner reasserts the argument that the claim must be read in conjunction with Claim 1. ECF No. 17 at 9.

Claim 5(O) is distinct from Claim 1.[11] As respondent noted, there is a difference between

---

[11] Claim 1 states:

> When a jury is instructed on the right of self-defense as it pertains to mutual combat, does the trial court have a sua sponte duty to define the term "mutual combat"?
>
> (A) Does the term "mutual combat" have a technical meaning peculiar to the law which requires a sua sponte definition?
>
> (B) Does a mutual combat instruction that fails to include the technical definition of "mutual combat" deny a defendant due

a challenge to the meaning of a jury instruction and a challenge that the evidence was insufficient to warrant a jury instruction. Thus, exhausting Claim 1 does not exhaust Claim 5(O) and petitioner has not established that he has exhausted Claim 5(O).[12]

### 7. Claim 5(P)

In Claim 5(P) petitioner "contends that the [C]ourt [of Appeal] erred by stating appellant forfeited his contention on appeal in regards to his *Miranda* violation." ECF No. 1 at 51. Respondent contends that although petitioner fairly presented his substantive *Miranda* claim to the California Supreme Court, petitioner has not exhausted this procedural *Miranda* claim. ECF No. 15 at 16. Respondent also argues that Claim 5(P) is not cognizable in this federal habeas proceeding. *Id.* at 17. Petitioner once more counters that his claim must be read in conjunction with an exhausted claim, in this instance Claim 5(H). That argument fails for the reasons previously stated. He also argues that the Claim 5(P) is cognizable under *Haynes v. Washington*, 373 U.S. 503 (1963) and *Miller v. Fenton*, 474 U.S. 104 (1985). ECF No. 17 at 9-10.[13]

Like Claims 5(K) and 5(L), Claim 5(P) alleges error in the application of state law. Petitioner has not explained why *Haynes* or *Miller* require a different conclusion. Because Claim 5(P) is not cognizable in this federal habeas proceeding, the claim should be dismissed.

### 8. Claim 5(Q)

Claim 5(Q) states: "It was prosecutor's misconduct when he knowingly used false testimony of Sandy Green, illicit false testimony from Detective Tyndale and CSI Megan Costa,

---

>  process of law?
>
>  (C)  Did the court of appeal reverse the burden of proof in its harmless error analysis?

ECF No. 1 at 8, 97.

[12] Petitioner not only fails to contest respondent's argument that Claim 5(O) is unexhausted, his counterargument that the claim must be read in conjunction with Claim 1 implicitly concedes that the former is unexhausted; if Claim 5(O) were exhausted, there would be no need to read it in conjunction with an exhausted claim.

[13] Claim 5(H) states: "Failure to instruct that a *Miranda* defective statement cannot be used as substantive evidence." ECF No. 1 at 8, 98.

10

misrepresented the evidence in regards to damages to appellant's clothing, and used improper rebuttal evidence as substantial evidence of guilt, this violated appellant's due process right." ECF No. 1 at 54. Respondent argues that the claim is unexhausted. ECF No. 15 at 17.

Respondent notes that although petitioner's request for review in the California Supreme Court asserted a prosecutorial misconduct claim based on a comment the prosecutor made during oral argument, it did not raise any of the prosecutorial misconduct claims identified in Claim 5(Q) (which respondent argues are based on "entirely different and unrelated operative facts"). ECF No. 15 at 17 (citing Lodg. Doc. 20 at 29-31).[14] Respondent argues that because petitioner's state habeas petition lacked specificity, he did not fairly present the prosecutorial misconduct allegations identified in Claim 5(Q). *Id.* In his opposition to respondent's motion to dismiss, petitioner argues that Claim 5(Q) must be read in conjunction with Claim 5(D). ECF No. 17 at 10.[15]

"In order to 'fairly present' an issue to a state court, a petitioner must 'present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009)). "[A] general allegation that a prosecutor engaged in pervasive misconduct is not sufficient to alert a state court to separate specific instances of purported misconduct." *Wood v. Ryan*, 693 F.3d 1104, 1117 (9th Cir. 2012).[16]

/////

---

[14] Respondent also notes that petitioner's state habeas petition made a "passing reference to 'misconduct of the prosecutor'" and asserted a due process violation based upon the prosecutor's introduction of some unspecified rebuttal evidence with a cross-reference to "all arguments" in his federal habeas petition. *Id.* (citing Lodg. Doc. 5).

[15] Claim 5(D) asserts: "It was misconduct for the prosecutor to insinuate in closing argument that appellant wanted to poke the judge's eyes out with a fingernail file as revenge for the way she conducted the trial." ECF No. 1 at 8, 98.

[16] *Cf. Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (explaining that each "unrelated alleged instance [ ] of counsel's ineffectiveness" is a separate claim for purposes of exhaustion).

11

Petitioner has not fairly presented to the California Supreme Court the specific prosecutorial misconduct claims identified in Claim 5(Q)—which are distinct from the allegations of prosecutorial misconduct described in the exhausted claims. Accordingly, Claim 5(Q) is unexhausted.

### 9. Claim 6

Claim 6 "contends that his Sixth Amendment compulsory witness process was violated, due to the fact the court denied his request for a psychologist and video expert." ECF No. 1 at 62. Petitioner alleges that he raised this claim in his first state habeas petition to the California Supreme Court. *Id.* (citing Arguments IX and XVI of his first state habeas petition).

Respondent argues that petitioner has not exhausted Claim 6. ECF No. 15 at 17. Respondent explains that Argument IX of the first state habeas petition "improperly attempted to incorporate by reference all of the claims and arguments raised in [petitioner's] unattached, 342-page federal habeas petition." *Id.* Additionally, in Argument XVI, petitioner claimed that his Sixth Amendment right to compulsory process was violated by his inability "to interview witnesses and/or interview and retain experts." Lodg. Doc. 5. Respondent notes that while petitioner complained of his inability to personally interview prospective prosecution witnesses and that his investigator "didn't interview any experts on [his] behalf," petitioner did not make any references to a need for a psychologist or video expert. ECF No. 15 at 18.

In his opposition to respondent's motion to dismiss, petitioner explains that "he filed his federal writ without any trial and/or court reporter transcripts, and therefore he was unable to fully raise the issue in his first federal writ." ECF No. 17 at 10. Again, this argument is relevant to whether a stay is warranted, but not whether the claim is exhausted. Petitioner has not established that he exhausted Claim 6.

### B. Stay and Abeyance

Thus, Claims 5(K), 5(L), and 5(P) are not cognizable in this federal habeas proceeding, and Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6 are unexhausted. Because the pending petition contains both exhausted and unexhausted claims, it is a "mixed" petition. *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009). In his opposition to respondent's motion, petitioner asks that the

court stay the proceedings and hold his mixed petition in abeyance while he exhausts his unexhausted claims. ECF No. 17 at 10. There are two approaches for analyzing such motions: one is described in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), and the other in *Rhines v. Weber*, 544 U.S. 269 (2005). *King*, 564 F.3d at 1138-41.

*Kelly* provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. *Kelly*, 315 F.3d at 1070-71; *King*, 564 F.3d at 1135. If a petition contains both exhausted and unexhausted claims, a petitioner seeking a stay under *Kelly* must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. *King*, 564 F.3d at 1138-39. However, the previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1). *King*, 564 F.3d at 1140-41. Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review, (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Under *Rhines*, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court. *King*, 564 F.3d at 1139-40. Unlike the *Kelly* procedure, however, *Rhines* requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. *Rhines*, 544 U.S. at 277-78; *King*, 564 F.3d at 1139. In addition, a stay pursuant to *Rhines* is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Id.*

/////

/////

**1. Claims 5(K), 5(L), and 5(P)**

As explained above, Claims 5(K), 5(L), and 5(P) are not cognizable in this federal habeas proceeding. Because this court could not grant habeas relief on those claims even if petitioner had exhausted them, there is no reason to stay the proceedings based on those claims. *See Rhines*, 544 U.S. at 277 ("[T]he district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."); *Kelly*, 315 F.3d at 1070 ("[W]e join the 'growing consensus' in recognizing the clear appropriateness of a stay when *valid* claims would otherwise be forfeited.") (emphasis added). Accordingly, the court should not stay the proceedings under either *Kelly* or *Rhines* to allow petitioner to exhaust Claims 5(K), 5(L), and 5(P).

**2. Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6**

**a. *Kelly***

It is unlikely that petitioner will be able to exhaust and timely add Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6 to the pending federal petition, and therefore a stay under *Kelly* to pursue those claims also is unwarranted. Petitioner's judgment became final when the time for petitioning the United States Supreme Court for certiorari expired—that is, ninety days from the California Supreme Court's denial of review in his case, provided that petitioner did not seek certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The California Supreme Court denied review on May 22, 2013, Lodg. Doc. 21, and therefore the petitioner had until August 20, 2013 to seek review in the United States Supreme Court—which he apparently did not do. *See* ECF No. 1 at 3 (indicating that petitioner did not file a petition for certiorari in the United States Supreme Court). The one-year limitations period commenced the following day. *Patterson v. Stewart*, 251 F.2d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until August 19, 2014 to timely file his federal habeas claims. But the August 19, 2014 deadline has passed. Therefore, even if the court were to grant a stay under *Kelly* and petitioner were to amend his petition after exhaustion to include the additional claims, those claims would be time-barred unless they shared a "common core of operative facts with the claims in the pending petition" or tolling of the limitations period is warranted for some reason. *King*, 564 F.3d at 1141 (internal quotation marks

omitted).

### i. **Tolling**

Petitioner argues that he is entitled to nine months of statutory tolling because he was "impeded from filing a fairly substantial claim with the state court because his [appellate] attorney didn't give him [the] trial court and reporter's transcripts until . . . Feb[ruary] 7, 2014." ECF No. 17 at 14. But *statutory* tolling is clearly not appropriate, as the relevant statute does not provide for tolling in such circumstances. *See* 28 U.S.C. § 2244(d)(2) (providing for tolling only for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Petitioner's allegations do not warrant equitable tolling either. The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule." *Waldron–Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness. *Id.*

First, petitioner has not established that he has been pursuing his rights diligently. Although the California Supreme Court denied his petition for review on March 21, 2013, petitioner did not file a habeas petition in either federal or state court until nearly a year later. Second, petitioner has failed to establish that not having the "trial court and reporter's transcripts" amounted to an extraordinary circumstance preventing timely filing. *See also Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (finding that a petitioner "is not entitled to equitable tolling on the ground that he did not have his legal files [when] the record shows that he was aware of the factual basis of his claims without them"). Equitable tolling is not warranted.

/////

/////

### ii. **Relation Back**

Petitioner also argues that his unexhausted claims relate back to his exhausted claims, which appear to have been exhausted and filed in his federal petition before the expiration of the limitations period. A new claim "relates back" to an existing claim if the two claims share a "common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 659 (2005). "An amended habeas petition does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650. A new claim also does not relate back to an existing claim simply because it arises from "the same trial, conviction or sentence." *Id.* at 663-64.

Petitioner suggests that Claim 5(J) relates back to Claim 5(G). ECF No. 17 at 8. Although both claims concern the trial court's response to the jury's question about mental illness, Claim 5(J) is based on a new fact not contained in Claim 5(G).

Petitioner suggests that Claim 5(M) relates back to Claim 5(C). ECF No. 19 at 8. Claim 5(C) alleged that the "cumulative effect of judicial misconduct denied [petitioner] a fair trial." ECF No. 1 at 8, 98. None of the specific instances of judicial misconduct, however, concerned any jury instructions—let alone the ones that petitioner takes issue with in Claim 5(M).[17] Because Claim 5(M) is based on facts that differ in both time and type from those in Claim 5(C), the former does not relate back to the latter.

Petitioner suggests that Claim 5(N) relates back to Claims 5(A) and 5(B). ECF No. 17 at 9. But Claim 5(N) challenges the accuracy of the Court of Appeal's factual background, while Claims 5(A) and 5(B) challenge statements that the trial court judge made during trial. Claim 5(N) is based on facts that differ in both time and type from those in Claims 5(A) and 5(B), and therefore does not relate back to those claims.

Petitioner suggests that Claim 5(O) relates back to Claim 1. *Id.* Claim 5(O) argues that the Court of Appeal erred "in stating that there was sufficient evidence of mutual combat to

---

[17] Specifically, Claim 5(M) argues that "the trial court had a sua sponte duty to instruct on all theories of voluntary manslaughter even if the appellant objected to it, and that "[i]t was judicial misconduct to deny [petitioner's] request for jury instruction CALJIC No. 356."

support giving CALCRIM No. 3471." ECF No. 1 at 49. Claim 1 challenges the trial court's instructions with respect to mutual combat. ECF No. 1 at 8, 97. But the trial court's instructions preceded the Court of Appeal's finding that there was sufficient evidence of mutual combat to warrant one of those instructions by more than five years. Claim 5(O) does not share a common core of operative facts with Claim 1 and therefore does not relate back to that claim.

Petitioner suggests that Claim 5(Q) relates back to Claim 5(D). ECF No. 17 at 10. However, as explained in the analysis of whether petitioner exhausted Claim 5(Q), although both claims allege prosecutorial misconduct, the claims are based on different facts. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013) (explaining that "the 'time and type' language in *Mayle* . . . . refers to *the facts that support those grounds*"). Accordingly, Claim 5(Q) does not relate back to Claim 5(D).

Petitioner suggests that Claim 6 relates back to Arguments IX and XVI of his first federal petition, which petitioner attempted to raise in the petition he filed with California Supreme Court on April 22, 2008. ECF No. 1 at 62. But as previously explained, petitioner has not exhausted Arguments IX and XVI. Because those arguments are unexhausted, analysis of whether Claim 6 relates back to them is unnecessary. Claim 6 is time-barred.

Thus, none of petitioner's unexhausted claims relate back to an exhausted claim, and no tolling of the limitations period is warranted. Because Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6 would be time-barred, it is recommended that the court decline to exercise its discretion to stay the petition under the *Kelly*.

### b. *Rhines*

A stay under *Rhines* is "available only in limited circumstances" and is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." 544 U.S. at 277. Good cause requires that petitioner "have a legitimate reason for failing to exhaust a claim in state court," and the determination "turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).

/////

Petitioner argues that there was good cause for his failure to exhaust the unexhausted claims. Petitioner emphasizes that the pending petition is his first mixed petition. ECF No. 17 at 11. He also states that, with respect to Claim 5(M) and 6, he was without "trial, court/reporters transcripts until February 7, 2014 and therefore he was unable to give the review court specific citings." *Id.* at 9, 10. Additionally, he suggests that he received ineffective assistance of counsel from the appellate attorney appointed to assist him after petitioner filed the April 22, 2008 habeas petition in the California Supreme Court.[18] *Id.* at 6, 11.

Petitioner has not established good cause. Although he is proceeding in this case on his first mixed petition, he has twice presented this court with unexhausted claims. *See Gray v. People of the State of California*, Case No. 2:07-cv-01760-GEB-CKD, ECF Nos. 1, 13; *Gray v. Swarthout*, Case No. 2:10-cv-2463-JAM-EFB, ECF Nos. 1, 22, 26. Furthermore, even if petitioner did not receive transcripts until February 7, 2014, he still had eight months after that date to exhaust whatever claims those transcripts supported before the one-year limitations period expired on August 19, 2014.[19] Petitioner's claim of ineffective assistance of appellate counsel also does not establish good cause for petitioner's failure to exhaust. Petitioner filed at least two pro se habeas petitions to the California Supreme Court before the limitations period began, and he had a sufficient amount of time to file a third after the California Supreme Court denied his petition for direct review.

Because petitioner has failed to establish good cause for his failure to exhaust his unexhausted claims, a stay under *Rhines* is not appropriate.

**IV. CONCLUSION**

Thus, Claim 8 is time-barred, Claims 5(K), 5(L), and 5(P) are not cognizable in this federal habeas proceeding, and Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6 are unexhausted. As to the unexhausted claims, a stay under *Kelly* is not appropriate because it does not appear petitioner

---

[18] As previously noted, that petition attempted to incorporate all of the claims that petitioner raised in his first federal habeas petition; however, petitioner did not attach that federal habeas petition to the petition he submitted to the California Supreme Court. Lodg. Doc. 5.

[19] As previously noted, properly filing in state court—before the expiration of the limitations period—would have tolled the one-year limitations period. 28 U.S.C. § 2244(d)(2).

would be able to exhaust those claims and add them to his pending petition before the expiration of the one-year limitations period, those claims do not relate back to exhausted claims, and no tolling of the limitations period is warranted. A stay under *Rhines* is not appropriate because petitioner has not established that he had good cause for failing to exhaust his unexhausted claims.

Nevertheless, in granting respondent's motion to dismiss petitioner's mixed petition, the court should offer petitioner leave to amend the petition to delete his uncognizable, unexhausted, and untimely claims and to proceed on this exhausted claims. *Henderson v. Johnson*, 710 F.3d 872, 873 (9th Cir. 2013) ("[A] petitioner who files a mixed petition must, at a minimum, be offered leave to amend the petition to delete any unexhausted claims and to proceed on the exhausted claims.").

**V. RECOMMENDATION**

Accordingly, it is hereby RECOMMENDED that:

1. Petitioner's motion to file a surreply (ECF No. 19) be denied;

2. Respondent's motion to strike his surreply (ECF No. 21) be denied as moot;

3. Respondent's motion to dismiss (ECF No. 15) be granted; and

4. Petitioner be granted leave to amend the petition to delete his uncognizable (Claims 5(K), 5(L), and 5(P)), unexhausted (Claims 5(J), 5(M), 5(N), 5(O), 5(Q), and 6), and untimely (Claim 8) claims within thirty days of any order adopting this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 26, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE